[No. 28661. Department Two. January 15, 1943.]

THE STATE OF WASHINGTON, *Respondent,* v. CLAUDE BAXTER, *Appellant.*[1]

[1]Reported in 132 P. (2d) 1022.

*Fred M. Bond,* for appellant.

*John T. Welsh* and *Robert A. Hannan,* for respondent.

ROBINSON, J.—Appellant was charged, in three counts, with having set nets in the waters of the state for the purpose of catching salmon, contrary to statute, and, from a judgment of conviction imposing a fine of three hundred dollars, appeals to this court.

The statute (Laws of 1935, chapter 1, § 8, Rem. Rev. Stat. (Sup.), § 5671-8 [P. C. § 2524-28]), makes it a gross misdemeanor to construct, install, or use, within any of the waters of the state, any set net or any fixed appliance for the purpose of catching salmon.

It appears that, on July 31, 1941, five state game protectors went to North river, Pacific county, for the purpose of arresting any persons whom they should find fishing in the river with set nets. Boone and Hoggatt testified that, at seven o'clock that evening, just as it was getting dusk, they noticed a man in a gray skiff set two nets below Salmon creek. They were on the right-hand bank of the river, having left their rowboat about a quarter of a mile above Salmon creek. They did not arrest the man, but proceeded on

up the river, watching other fishermen who were proceeding up the river in rowboats. During the night, they arrested the two Shipley boys, and several other men in the vicinity of Salmon creek. They returned to the lower end of the river at about six o'clock in the morning. Here, at Don Smith's float house, they met appellant, who had been arrested by Haley and Little. They testified that appellant was the man whom they saw setting the two nets below Salmon creek. They identified him by his clothing, a gray hat which they testified he was wearing, and his boat, which was a gray, eighteen-foot skiff with an outboard motor.

Haley and Little testified that they remained in the vicinity of Don Smith's float house; that, at about one o'clock that night, they saw appellant lift a net which was set across the river about nine hundred feet above Don Smith's float; that they got in a rowboat and, with muffled oars, rowed toward him, but that he had finished lifting the net before they got to him; that they arrested him about three hundred feet from Don Smith's float as he was rowing down the river; that there were three nets in his boat, and that there were fish in one of them.

Appellant contends that the evidence was not sufficient to support a conviction; that it did not identify appellant, beyond a reasonable doubt, as the person whom Boone and Hoggatt saw setting the two nets below Salmon creek, and that it would have been an impossibility for Haley and Little to have seen a net set across the river, nine hundred feet from where they were standing, at one o'clock on a pitch black night. Haley testified positively that he saw three nets set across the river between Don Smith's float and Eaton's place, about half a mile farther up the river, and that he saw appellant lift one of these nets, which net was located about nine hundred feet above Smith's

float. The testimony is indefinite in that it does not appear where Haley was standing when he saw the net, or whether he saw it before, or at the time, he saw appellant lift the net. Appellant's counsel did not cross-examine Haley on this point, and appellant did not testify at the trial. The evidence does not disclose whether the night was, or was not, pitch black.

We think the evidence fully establishes that there were nets set across the river, as charged in the information, and that there was substantial evidence to support the finding of the jury that appellant was the person who set the nets. As stated by this court in *State v. London*, 194 Wash. 458, 78 P. (2d) 548, 115 A. L. R. 1255, quoting from an earlier case:

" 'It is difficult to formulate a general rule stating the extent to which appellate courts will pass upon the weight and sufficiency of evidence and reverse because of an insufficiency of evidence, but the general rule seems to be that where there is material evidence tending to prove defendant's guilt before the jury, and the trial court refuses to set their verdict aside, an appellate court will not reverse the action of both the trial court and the jury; that it will examine the record to see whether there is evidence proper to go to the jury, and upon which a verdict of guilt might reasonably be founded, and, being satisfied on that point, will refuse to interfere, whatever may be its own opinion of the weight or preponderance of the evidence. If, however, the verdict of the jury is altogether unsupported by any evidence whatever, or if it is against the evidence and every proper inference which is reasonably deducible therefrom, the judgment will be reversed by the appellate court.' "

Appellant contends that the court erred in giving a particular instruction regarding circumstantial evidence. It was the usual stock instruction, that a conviction may be had upon circumstantial evidence alone, and that in criminal cases it is not only com-

petent evidence, but is sometimes the only mode of proof. The basis of the contention is that there were no circumstances which had any tendency to prove that appellant was the person who set out the two nets below Salmon creek. But we think there were circumstances which tended to connect appellant with the person who set out these two nets. The Shipley boys testified that they lived close to appellant on the shear boom above McGowan's ranch, farther down the river; that, in the late afternoon of July 31st, they towed appellant and his boat to Eaton's place and proceeded up the river in a rowboat, leaving appellant at Eaton's place, and that they did not see him again until after their arrest. When appellant was arrested, he had three nets in his boat. These were circumstances which the jury had the right to take into consideration in determining whether or not appellant set out the two nets below Salmon creek.

Appellant also contends that the court erred in admitting evidence. It is claimed that the nets offered in evidence were not properly identified as the three nets taken from appellant's boat. It appears that the game protectors obtained ten or eleven nets that evening, all of which were given to Protector Allen and kept at his garage in Aberdeen. There is testimony that the nets taken from appellant's boat were kept separate and apart from the others. There was ample evidence that three nets were taken from appellant's boat. If a mistake was made in identifying the exact nets, they being of the same type and kind, we cannot see how it prejudiced the appellant.

Appellant also contends that the court erred in not permitting cross-examination of witness Haley, regarding a license issued to appellant to fish with a gill net in Willapa Harbor district. This examination was not permitted for the reason that it was not proper

cross-examination. Later, Haley was called as a witness on behalf of appellant and was fully examined as to everything sought to be proved during his cross-examination. This contention is without any merit.

The judgment and sentence appealed from is affirmed.

STEINERT, BEALS, BLAKE, and JEFFERS, JJ., concur.

February 25, 1943. Petition for rehearing denied.